IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD R. GARZA, JR.,           : | |
|     Plaintiff,           : | |
|                        : | |
| v.           : | CIVIL ACTION NO. 21-1179 |
|                        : | |
| CITY OF CHESTER PA, *et al.*,  : | |
|     Defendants.           : | |

### ORDER

AND NOW, this 28th day of December 2021, upon consideration of Plaintiff Edward R. Garza's *pro se* Third Amended Complaint [Doc. No. 35], it is **ORDERED** that:

1. For the reasons stated in the Court's Memorandum, Garza's Third Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

    a. Garza's claims against Crozer-Chester Medical Center brought under 42 U.S.C. § 1983 and his official capacity claims for damages against Defendants Eason and Wetzel are **DISMISSED WITH PREJUDICE**.

    b. All other claims against all other Defendants are **DISMISSED WITHOUT PREJUDICE**.

2. Garza may file a fourth amended complaint **within 30 days** of the date of this Order in the event he can allege additional facts to state a plausible claim against an appropriate defendant. Any fourth amended complaint shall bear the title "Fourth Amended Complaint" and the case number, 21-1179. Any fourth amended complaint must clearly identify all defendants in the caption and clearly state the basis for Garza's claims against each defendant. If Garza files a fourth amended complaint, his fourth amended complaint must be a complete document that

includes the bases for Garza's claims. He should not rely on other versions of his complaint or other documents filed in this case to state a claim. When drafting his fourth amended complaint, Garza should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of a fourth amended complaint, the Clerk shall not make service until so ordered by the Court.

3.     The Clerk of Court is **DIRECTED** to send Garza a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Garza may use this form to file his fourth amended complaint if he chooses to do so.

4.     If Garza does not wish to further amend and instead intends to stand on his Third Amended Complaint as originally pled, he may file a notice with the Court within 30 days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Third Amended Complaint," and shall include the case number, 21-1179.[1]

5.     If Garza fails to file any response to this Order, the Court will conclude that Garza intends to stand on his Third Amended Complaint and will issue a final order dismissing this case.[2]

                                                    **BY THE COURT:**

                                                    /s/ Cynthia M. Rufe

                                                    **CYNTHIA M. RUFE, J.**

---

[1] *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate."); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims.").

[2] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).